IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13cv-00776-BNB

CHARLES WILLIAM WIMBERLY,

    Applicant,

v.

GUTIERREZ, Warden, Victorville Medium, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER TO FILE PRELIMINARY RESPONSE

    Applicant, Charles William Wimberly, is a prisoner in the custody of the United States Bureau of Prisons and currently is incarcerated at Victorville Medium I Federal Correctional Institution in Adelanto, California. Pursuant to the Court's Order to Cure Deficiencies, Mr. Wimberly, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging a state detainer entered against him from Denver County regarding a pending Colorado state sentence.

    First, the Court addresses the proper respondent in this action. Although Mr. Wimberly properly has named his custodian as a Respondent, The Attorney General for the State of Colorado would best respond to Mr. Wimberly's claims regarding the execution of his Colorado state sentence. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973) (applicant is not precluded from challenging a future detainer in a different state). Therefore, John Suthers, Attorney General of the State of Colorado, is named as respondent for the purpose of responding. Warden Gutierrez will be served for informational purposes only.

Next, as part of the preliminary consideration of the Application in this case and pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court has determined that a limited Preliminary Response is appropriate.  Respondent John Suthers is directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies.  If Respondent Suthers does not intend to raise either of these affirmative defenses, Respondent Suthers must notify the Court of that decision in the Preliminary Response.  Respondent Suthers may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondent Suthers should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Mr. Wimberly has exhausted available state court remedies.

Mr. Wimberly may reply to the Preliminary Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.  Mr. Wimberly also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2241 action in this Court.  Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondent John Suthers shall file a Preliminary Response that complies with this Order.  It is

Case 1:13-cv-00776-LTB   Document 7   Filed 04/19/13   USDC Colorado   Page 3 of 3

3

FURTHER ORDERED that **within twenty-one days of the filing of the Preliminary Response** Mr. Wimberly may file a Reply, if he desires.  It is

FURTHER ORDERED that if Respondent John Suthers does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, h must notify the Court of that decision in the Preliminary Response.

Dated:  April 19, 2013

                              BY THE COURT:

                               s/Boyd N. Boland
                              United States Magistrate Judge

Case 1:13-cv-00776-LTB   Document 7   Filed 04/19/13   USDC Colorado   Page 3 of 3

3