IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 13-cv-00776-BNB


CHARLES W. WIMBERLY,

      Applicant,

v.

WARDEN GUTIERREZ, Victorville Medium 1, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

_____

ORDER OF DISMISSAL
_____

      At the time Applicant, Charles W. Wimberly, initiated this action under 28 U.S.C.

§ 2241 action he was in the custody of the United State Bureau of Prisons and

incarcerated at Victorville Medium Federal Correctional Institution in Adelanto,

California.  Applicant now is in the custody of the Colorado Department of Corrections

and is incarcerated at the Cheyenne Mountain Re-Entry Center in Colorado Springs,

Colorado.  *See* www.doc.state.co.us/oss/.  Applicant challenges a State of Colorado

detainer entered against him for a pending Colorado state sentence and his remaining

Colorado sentence.  Applicant has been granted leave to proceed pursuant to 28 U.S.C.

§ 1915.

      On April 19, 2013, Magistrate Judge Boyd N. Boland ordered Respondent

Attorney General of the State of Colorado to file a preliminary response to the habeas

corpus application and address the affirmative defenses of timeliness and exhaustion of state court remedies.  On May 10, 2013, the Attorney General filed a Preliminary Response.  Applicant did not reply to the Preliminary Response.

The Court must construe the Application liberally because Applicant is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a pro se litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the action will be dismissed.

On October 15, 2012, the State of Colorado sentenced Applicant to fifteen months for possession of a controlled substance.  Applicant's state sentence was ordered to run concurrent with his violation of supervised release sentence in Case No. 07cr00473-MSK in this Court, and he was granted eighty-three days of pre-sentence credit.  *See* Prelim. Resp., ECF 12-1, Ex. A-1.  Applicant contends that he was entitled to release from the State of Colorado sentence as early as May 2013 because he was entitled to twelve days of good time credit each month for his state sentence while he was serving his federal sentence.

The Attorney General asserts federal review of the § 2241 Application is precluded because Applicant has not exhausted state court remedies.  The Attorney General contends that although Applicant filed a motion on March 19, 2013, to see the parole board, the motion has not been ruled on and Applicant has available state appellate review of the parole board's decision.

Normally, an applicant must exhaust state remedies before he may pursue his claims in a habeas corpus action in this Court.  *See Wilson v. Jones*, 430 F.3d 1113,

2

1118 (10th Cir. 2005).  Like other habeas applicants, a § 2241 applicant fulfills the requirement to exhaust state remedies once the issue has been "fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002).  Applicant, however, may challenge the denial of his parole application in federal court without first seeking review of the parole board's decision in the Colorado state courts.  *See Wildermuth v. Furlong*, 147 F.3d 1234, 1235 n.1 (10th Cir. 1998); *see also White v. People*, 866 P.2d 1371, 1373 (Colo. 1994) (noting that claims alleging an abuse of discretion by the parole board are not subject to judicial review in Colorado state courts).  Nonetheless, Applicant has not received a decision by the parole board for this Court to review.  The Application, therefore, will be denied and the action dismissed as premature.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice as premature.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that the Clerk of the Court shall note Applicant's change of address on the docket as identified at www.doc.state.co.us/oss/ and mail a copy of this Order to Applicant at the new address.

DATED August 15, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

4